Robert Charles Williams was convicted of first degree rape and was sentenced to life imprisonment without parole. That judgment was affirmed by the Court of Criminal Appeals.Williams v. State, 564 So.2d 116 (Ala.Crim.App. 1990). This Court granted a writ of certiorari to determine if, in his closing argument to the jury, the prosecutor made an impermissible comment on Williams's failure to testify. The record shows the following:
 "(Whereupon, the State made their closing statement, during which the following occurred:)
 "MR. BECHER: — He is charged with rape. He hasn't told you he didn't do it. He hasn't told you — He gave a statement —
 "MR. JOHNSON: We object to that. He keeps going on about that. That is not admissible.
 "MR. BECHER: He did give a statement. He waived his right —
 "(Whereupon, there was a bench conference out of the hearing of the court reporter and jury.)
 "(Whereupon, the State completed the closing statement without further objection.)"
During a hearing on the motion for a new trial the prosecutor denied that he was commenting on Williams's failure to testify. Instead, he contended that he was only trying to point out to the jury that Williams had made a statement to the police wherein he stated that he had had intercourse with the victim but claimed that it was consensual.
The prohibition against compelling a defendant to testify against himself in a criminal proceeding is a fundamental component of the right to a fair trial, U.S. Const. amendments V and XIV; Ala. Const. art. I, § 6, and that prohibition is *Page 650 
violated if a prosecutor makes a comment to the jury on the defendant's silence. Griffin v. California, 380 U.S. 609,85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); Ex parte Yarber,375 So.2d 1231 (Ala. 1979). To guarantee the enforcement of that prohibition, our legislature has provided in Ala. Code 1975, §12-21-220:
 "On the trial of all indictments, complaints or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness, and his failure to make such a request shall not create any presumption against him nor be the subject of comment by counsel. If the district attorney makes any comment concerning the defendant's failure to testify, a new trial must be granted on motion filed within 30 days from entry of the judgment."
(Emphasis added.)
In Ex parte Wilson, 571 So.2d 1251 (Ala. 1990), the defendant had been convicted of murder. During Wilson's trial the prosecutor made a statement very similar to the one made by the prosecutor during Williams's trial. In Wilson, as in this case, the State argued that the prosecutor was merely commenting on a statement that had been made by the defendant before trial, not on his failure to testify. This Court rejected that argument and reversed Wilson's conviction:
 "The State's argument that the comment was a permissible reference to the taped statement completely overlooks the obvious inference available to the jury that the defendant did not take the stand so as to contradict or amplify his statement. Given the context of the rebuttal, it is difficult to imagine a more specific comment on Wilson's failure to testify, notwithstanding the district attorney's later attempt to limit the comment to a reference to the taped statement."
Wilson, supra at 1261 (emphasis in original).
As in the Wilson case, it is difficult to imagine a more direct comment on the defendant's failure to testify. Even conceding that the prosecutor did not intend for his words to have that effect, the clear import of his statement must have been understood by the jury as a reference to the defendant's silence, and therefore substantially prejudiced Williams's right to a fair trial. In his dissenting opinion, Justice Maddox points out that the prosecutor attempted to explain, on the record, that his statement was not a reference to Williams's failure to testify. However, that explanation was given more than two months after the jury had been dismissed, during a hearing on Williams's motion for new trial. As a result, it did nothing to cure the prejudicial effect of the prosecutor's comment.
For the reasons stated, the judgment of the Court of Criminal Appeals is reversed, and that court is directed to remand this cause for a new trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.
MADDOX, HOUSTON and STEAGALL, JJ., dissent.